Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Norman I. Siegel, J.], entered July 2, 2015) to review a determination of respondents. The determination found after a tier III hearing that petitioner had violated various inmate rules.
It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding seeking to annul a determination finding him guilty, following a *1296 tier III hearing, of violating various inmate rules, and imposing a penalty. At the outset, we note that, “ ‘[b]ecause the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court’ ” (Matter of Wearen v Deputy Supt. Bish, 2 AD3d 1361, 1362 [2003]). In the interest of judicial economy, we nevertheless address petitioner’s contention that he was denied his right to contact his attorney (see id.). Nothing in the record indicates that petitioner sought to contact his attorney prior to the hearing (cf. Matter of Jeckel v New York State Dept. of Corn, 111 AD3d 1180, 1181 [2013]). Rather, the record establishes that petitioner asked to consult with his attorney after the tier III hearing commenced, and it is well established that an inmate does not have a right to counsel at that hearing (see Wolff v McDonnell, 418 US 539, 570 [1974]; Matter of Laureano v Kuhlmann, 75 NY2d 141, 146 [1990]). We therefore confirm the determination and dismiss the petition.
Present — Centra, J.P., Peradotto, Carni and Lindley, JJ.